

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**JORGE M. MARQUEZ**
*Senior Counsel*
Phone: (212) 356-2336
Fax: (212) 356-3558
Email: jmarquez@law.nyc.gov

April 9, 2020

The conference original scheduled for May 1, 2020 is adjourned to September 10, 2020 at 11:30 a.m.

SO ORDERED.
Dated:  4/9/2020

VIA E.C.F.
Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

_____
P. Kevin Castel
United States District Judge

RE:    Wilfredo Morales v. City of New York, et al.,
       19 Civ. 10063 (PKC) (SDNY)

Your Honor:

        I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendants City of New York (the "City") and Detective Jose Rojas ("Rojas") in the above referenced action. For the reasons set forth below, the parties submit this joint request to adjourn the Initial Conference presently scheduled for May 1, 2020. (See E.C.F. No. 5) to August 1, 2020, or a date convenient to the Court at that time. This is the parties' first joint application to adjourn the Initial Conference.

        On March 13, 2020, the City and Rojas filed theirs Answer to the Complaint. On March 26, 2020, the Court scheduled the Initial Conference for this matter for May 1, 2019, at 10:30 a.m., via telephone. (E.C.F. No. 5.) As the Court is aware, Local Civil Rule 83.10 applies in this matter given that Plaintiffs claims that the Defendants violated their constitutional rights via police action. (See E.C.F. No. 1.) Although the parties could make themselves available for the May 1, 2020 conference, the parties note that initial discovery and mediation has not materialized as required by Local Civil Rule 83.10. As a result, the parties believe that it would be better to hold the initial conference after initial discovery has been exchanged and the mediation has been held. Presently, a mediation date has not been scheduled.

Moreover, and as the Court is already aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well. That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 154, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable. Also, on March 13, 2020, the Southern District issued Standing Order 20 MISC 0153, which suspended and tolled service of process requirements and deadlines in pro se matters. On March 16, 2020, the Southern District issued a Revised Standing Order further limiting access to courthouses. On March 20, 2020, Governor Andrew Cuomo, issued Executive Order No. 202.8, tolling the statute of limitations until April 19, 2020 and prohibiting all non-essential employees to going into the workplace.

In light of pronouncements from government and judicial officials, associated policies, expert recommendations, and the further spread of COVID-19, the New York City Law Department, along with the majority of employers in New York City and State, has advised that individuals should work from home as much as is practicable to ensure compliance with public policy directives, and to protect individuals from further community spread of the virus. Of course, working from home creates a number of challenges that directly impact litigation, including, inter alia, our ability to review case files that are in the office and contain documents that may not be available in electronic form, as well as our office's ability to procure new documents and meet with clients.

Consequently, and in addition to the fact that Local Civil Rule 83.10 warrants adjourning the conference, the uncertainty concerning the normalization of counsels' work environment merits the parties' request that the conference be adjourned to August 1, 2020, or a date convenient for the Court at that time. Notwithstanding, the parties acknowledge that they should do as much as possible to move this case forward in the meantime, including the exchange of initial discovery by May 4, 2020.[1]

The parties, therefore, respectfully request that the Court adjourn the Initial Conference presently scheduled for May 1, 2020, until August 1, 2020.

Respectfully submitted,

*Jorge M. Marquez* /s/
Senior Counsel

---

[1] Defendants note that they informed Plaintiffs that the Defendants' ability to produce all disclosures by May 4, 2020, may depend on the resumption of certain office functions. Thus, there is a probability that Defendants may not be able to exchange the totality of initial disclosures by May 4, 2020. Either way, the parties agreed that Defendants will first attempt to produce their disclosures by May 4, 2020, and the parties will meet and confer in good-faith should Defendants be unable to produce the totality of disclosures by said date.

Special Federal Litigation Division

cc:    <u>VIA E.C.F.</u>
       Michael Vincent Cibella
       Email: mvc@cibellalaw.com