UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
WILFREDO MORALES, SR., WILFREDO
MORALES JR., GILBERTO MORALES,
AMIN TYLER, IAN RUEDA and STEVEN
REYNOSO,

                Plaintiffs,

        -against-

THE CITY OF NEW YORK,
NYPD DETECTIVE JOSE
ROJAS, NYPD OFFICER
NIKAURYS MARTINEZ,
NYPD OFFICER KINGSLEY
JOACHIM, NYPD DEPUTY
INSPECTOR MICHAEL
SHUGRUE, NYPD
LIEUTENANT KIMBERLY
MOTTO, NYPD MEMBER
JOHN DOES #'S 3, 4, 5, 6,
NYPD MEMBER JOHN DOE
#11, aka "DETECTIVE
ACOSTA", and NYPD
MEMBER JOHN DOE #12, aka
"SERGEANT BEADE",

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**AMENDED COMPLAINT**

Case No. 19-cv-10063

Trial by Jury Demanded

      Plaintiffs, by their attorneys Law Offices of Michael V. Cibella, LLC, complaining of defendants, allege as follows, upon information and belief:

**PRELIMINARY STATEMENT**

      1.    This is a civil rights action in which the plaintiffs WILFREDO MORALES, SR., WILFREDO MORALES JR., GILBERTO MORALES, AMIN TYLER, IAN RUEDA and STEVEN REYNOSO (collectively, "Plaintiffs") seek relief for the violation of their rights secured by 42 U.S.C. § 1983, the Fourth, Sixth and Fourteenth Amendments to the

1

United States Constitution and the laws of the State of New York.  The case arises from an August 2, 2018 incident in which members of the New York City Police Department ("NYPD") subjected plaintiffs to illegal entry into their home, false arrest, false imprisonment, excessive force and battery.  Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their state law claims of battery, false arrest and imprisonment, and negligent hiring, training and retention.  With respect to this state law claim, a notice of claim was duly filed on the City of New York within 90 days of the incident in question, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claim.  This state law claim is timely because this action was filed within one year and 90 days of the incident at issue in this lawsuit.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this action occurred in this District and because defendant City of New York is subject to personal jurisdiction in the Southern District of New York.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to Plaintiffs' federally protected rights took place in this District, specifically at NYPD Headquarters located at One Police Plaza, and at the Office of the Civilian Complaint Review Board located at 100 Church Street.

**PARTIES**

5. Plaintiff WILFREDO MORALES, SR. ("Morales, Sr."), was and is a United States citizen and resident of the State of New York, County of New York.

6. Plaintiff WILFREDO MORALES, JR. ("Morales, Jr."), was and is a United States citizen and resident of the State of New York, County of New York.

7. Plaintiff GILBERTO MORALES ("Gilberto") was and is a United States citizen and resident of the State of New York, County of New York.

8. Plaintiff AMIN TYLER ("TYLER") was and is a United States citizen and resident of the State of New York, County of New York.

9. Plaintiff IAN RUEDA ("Rueda") was and is a United States citizen and resident of the State of New York, County of New York.

10. Plaintiff STEVEN REYNOSO ("Reynoso") was and is a United States citizen and resident of the State of New York, County of New York.

11. The City of New York (hereinafter "the City") is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

12. At all times herein mentioned, the City operated, controlled, and maintained a police force known as the New York Police Department (hereinafter "the NYPD").

13. Defendant NYPD Detective Jose Rojas ("Rojas") was and is a plainclothes member of the NYPD. Rojas is sued in his individual and official capacity.

14. At all times herein mentioned, Rojas was acting within the course and scope of his employment with the NYPD.

15. At all times herein mentioned, Rojas was acting under color of state law.

16. Defendant NYPD Officer Nikaurys Martinez ("Martinez") was and is a uniformed member of the NYPD. Martinez is sued in his individual and official capacity.

17. At all times herein mentioned, Martinez was acting within the course and scope of his employment with the NYPD.

18. At all times herein mentioned, Martinez was acting under color of state law.

19. Defendant NYPD Officer Kingsley Joachim ("Joachim") was and is a uniformed member of the NYPD. Joachim is sued in his individual and official capacity.

20. At all times herein mentioned, Joachim was acting within the course and scope of his employment with the NYPD.

21. At all times herein mentioned, Joachim was acting under color of state law.

22. Defendant NYPD Deputy Inspector Michael Shugrue ("Shugrue") was and is a uniformed member of the NYPD. Shugrue is sued in his individual and official capacity.

23. At all times herein mentioned, Shugrue was acting within the course and scope of his employment with the NYPD.

24. At all times herein mentioned, Shugrue was acting under color of state law.

25. Defendant NYPD Lieutenant Kimberly Motto ("Motto") was and is a uniformed member of the NYPD. Motto is sued in her individual and official capacity.

26. At all times herein mentioned, Motto was acting within the course and scope of her employment with the NYPD.

27. At all times herein mentioned, Motto was acting under color of state law.

28. Defendants NYPD members John Does #'s 3, 4, 5, 6, John Doe #11, aka, "Detective Acosta" and John Doe #12, aka, "Sergeant Beade" are fictitious names intended to represent uniformed and plainclothes members of the NYPD whose identity is unknown to

Plaintiffs and who, with the defendants named herein, participated in the forcible seizure and arrest of Plaintiffs on August 2, 2018. John Does #'s 3, 4, 5, 6, John Doe #11, aka, "Detective Acosta" and John Doe #12, aka, "Sergeant Beade" are sued in their individual and official capacities.

29. At all times herein mentioned, John Does #'s 3, 4, 5, 6, John Doe #11, aka, "Detective Acosta" and John Doe #12, aka, "Sergeant Beade" were acting within the course and scope of their employment with the NYPD.

30. At all times herein mentioned, John Does #'s 3, 4, 5, 6, John Doe #11, aka, "Detective Acosta" and John Doe #12, aka, "Sergeant Beade" were acting under color of state law.

31. All of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## STATEMENT OF FACTS

32. Plaintiffs repeat and reallege each and every allegation contained above as though fully set forth at length herein.

33. On August 2, 2018, plaintiffs Morales, Sr., Morales, Jr. and Gilberto, lawfully resided at the premises known as 3170 Broadway, Apartment 3G, New York, New York (the "Apartment").

34. On aforesaid date, plaintiffs Tyler, Rueda and Reynoso were lawful guests of plaintiffs Morales, Sr., Morales, Jr. and Gilberto, within the Apartment.

35. On aforesaid date, at the Apartment, the City of New York, by and through its agents, servants and/or employees, including officers with the NYPD, including defendants Detective Rojas, Deputy Inspector Shugrue, Lieutenant Motto, Officer Martinez, Officer Joachim, and defendants NYPD members John Does #'s 3, 4, 5, 6, John Doe #11, aka, "Detective Acosta"

and John Doe #12, aka, "Sergeant Beade", without a warrant and without probable cause or reasonable suspicion to believe that plaintiff residents Morales, Sr., Morales, Jr. or Gilberto or any of the occupants of their residence had committed a crime, criminal offense or violation, and without otherwise being justified, forcibly entered plaintiffs Morales, Sr., Morales, Jr. and Gilberto's residence without permission or consent and then forcibly seized and otherwise used force against Plaintiffs that was neither justified nor reasonable under the circumstances, including placing all Plaintiffs in handcuffs at gunpoint, and/or authorized other members, including members of the Emergency Services Unit, aka the "Swat Team", to forcibly enter and arrest the Plaintiffs from within the Apartment without a warrant and without probable cause or reasonable suspicion to believe that Plaintiffs had committed a crime, criminal offense or violation, and without otherwise being justified.

36. While Plaintiffs were at the aforesaid location, they each were forcibly removed from the apartment and searched by uniformed members of the NYPD, including defendants Officers Martinez and Joachim, and John Does #'s 3, 4, 5 and 6, without a warrant, without their consent, and without probable cause or reasonable suspicion to believe that Plaintiffs had committed or were about to commit any crime or violation.

37. Uniformed members of the NYPD, including defendants Officers Martinez and Joachim, and John Does #'s 3, 4, 5 and 6, also physically grabbed Plaintiffs, threw Plaintiffs up against a wall, forcibly wrenched Plaintiffs' hands and arms behind each plaintiff's back, handcuffed Plaintiffs, and otherwise used force against each Plaintiff that was excessive and unjustified.

38. Defendant Deputy Inspector Shugrue, Lieutenant Motto, Detective Rojas, John Doe #11, aka, "Detective Acosta", and/or John Doe #12, aka, "Sergeant Beade", directed,

oversaw and/or authorized the warrantless, forcible removal, arrest, search and detention of Plaintiffs by defendants Officers Martinez and Joachim and John Does #'s 3, 4, 5 and 6, and other members of the NYPD, including members of the Emergency Services Unit, aka the "Swat Team".

39. Uniformed members of the NYPD, including defendant Lieutenant Motto, searched plaintiffs Morales, Sr., Morales, Jr. and Gilberto's residence without a warrant and without probable cause or reasonable suspicion to believe that plaintiffs had committed or were about to commit any crime or violation, or justification, and without permission and consent.

40. Defendant Deputy Inspector Shugrue, Lieutenant Motto, Detective Rojas, John Doe #11, aka, "Detective Acosta", and/or John Doe #12, aka, "Sergeant Beade", directed and/or authorized the warrantless search of plaintiffs Morales, Sr., Morales, Jr. and Gilberto's residence, to wit, the Apartment, by defendant Lieutenant Motto and other members of the NYPD, including members of the Emergency Services Unit, aka the "Swat Team".

41. Defendants Officers Martinez and Joachim and John Does #'s 3, 4, 5 and 6, also forcibly detained and falsely imprisoned Plaintiffs by holding Plaintiffs without justification against their will and without their consent in the hallway of the building in which plaintiffs Morales, Sr., Morales, Jr. and Gilberto resided and in public in the front of 3170 Broadway, NY, NY for Plaintiffs' neighbors and community to see.

42. After being placed in handcuffs, Plaintiffs were each forcibly detained, without his consent and against his will, at various locations, including a police precinct, until his release from custody several hours later without any charges.

43. Plaintiff Morales, Sr., who was 73 years old at the time, was removed from his home, the Apartment, and transported to the Precinct without any footwear and denied the

opportunity to retrieve footwear, nor did any members of the NYPD, including defendants, provide footwear for him at any time while in police custody.

44. Plaintiff Morales, Sr. was further denied the administration of necessary prescription medication while he was forcibly detained in police custody by defendants.

45. Defendants Deputy Inspector Shugrue, Detective Rojas, John Doe #11, aka, "Detective Acosta", and/or John Doe #12, aka, "Sergeant Beade", directed and/or authorized Plaintiffs warrantless arrest and removal to the precinct for police interrogation.

46. Each of the officers, including defendants, observed the improper and unconstitutional conduct of his fellow officers, had a reasonable opportunity to intervene to prevent and /or stop that conduct, but failed and refused to do so.

47. While at the 26th police precinct, each plaintiff was forcibly detained, without his consent and against his will by and interrogated by defendants Detective Rojas, John Doe #11, aka, "Detective Acosta", and John Doe #12, aka, "Sergeant Beade", plainclothes members of the NYPD.

48. The aforementioned forcible, warrantless entry into the Apartment and the forcible, warrantless removal of Plaintiffs from the Apartment, placing each in handcuffs and arresting Plaintiffs, was ordered or authorized by defendant Deputy Inspector Shugrue, or other members of the NYPD, including Lieutenant Motto, John Doe #11, aka, "Detective Acosta", John Doe #12, aka, "Sergeant Beade", and/or Detective Rojas without probable cause or reasonable suspicion to believe that Plaintiffs had committed or were about to commit any crime or violation.

49. The aforementioned officers and members of the NYPD did not have probable cause to believe that Plaintiffs were in fact guilty of any crime or criminal violation.

50. No criminal contraband was ever recovered from within the Apartment.

51. Plaintiffs were released from the precinct on August 3, 2018 without the filing of any arrest charges against them.

52. No criminal charges have been filed to date with respect to plaintiffs and the events that occurred on August 2, 2018 as Plaintiffs committed no crime on the aforesaid date.

53. Throughout the incident, plaintiffs voiced their disapproval of the tactics of defendants Deputy Inspector Shugrue, Lieutenant Motto, Officer Martinez, Officer Joachim, John Does #'s 3, 4, 5, 6, John Doe #11, aka, "Detective Acosta", and John Doe #12, aka, "Sergeant Beade", and Detective Rojas and repeatedly expressed their opinion that defendants Deputy Inspector Shugrue, Lieutenant Motto, Officer Martinez, Officer Joachim, John Does #'s 3, 4, 5, 6, John Doe #11, aka, "Detective Acosta", and John Doe #12, aka, "Sergeant Beade", and Detective Rojas had no right to enter and search plaintiffs Morales, Sr., Morales, Jr. and Gilberto's residence, forcibly detain Plaintiffs and use force against Plaintiffs, and hold Plaintiffs' against their will to be interrogated by defendants Detective Rojas, John Doe #11, aka, "Detective Acosta" and John Doe #12, aka, "Sergeant Beade".

54. The aforesaid actions of the officers, including defendants, were undertaken without a warrant and without reasonable suspicion or probable cause to believe that Plaintiffs had committed any crime or violation, and without otherwise being justified.

55. The aforesaid actions of the officers, including defendants, were intentional and malicious in nature.

56. As a result of the aforesaid actions of the officers, Plaintiffs suffered loss of liberty, damage to personal property, loss of personal property, were injured physically, emotionally and psychologically, were caused to be embarrassed and humiliated, were caused to

endure and will continue to endure pain and suffering and loss of enjoyment of life, and were each otherwise damaged.

### FIRST CAUSE OF ACTION AGAINST ROJAS, MARTINEZ, JOACHIM, SHUGRUE, MOTTO AND JOHN DOES 3, 4, 5, 6, 11 AND 12
(42 U.S.C. § 1983: Illegal Search and Seizure)

57. Plaintiffs individually repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

58. The aforesaid actions by the officers, including defendants, constituted an illegal and unreasonable search and seizure of each plaintiff in violation of the proscription against unreasonable searches and seizures contained in the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and entitle each plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### SECOND CAUSE OF ACTION AGAINST ROJAS, MARTINEZ, JOACHIM, SHUGRUE, MOTTO AND JOHN DOES 3, 4, 5, 6, 11 AND 12
(42 U.S. C. § 1983: Excessive Force)

59. Plaintiffs individually repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

60. The aforesaid actions by the officers, including defendants, constituted a use of excessive force against each plaintiff in violation of the proscription against unreasonable seizures contained in the Fourth and Fourteenth Amendments to the United States Constitution and entitle each plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### THIRD CAUSE OFACTION AGAINST ROJAS, MARTINEZ, JOACHIM, SHUGRUE, MOTTO AND JOHN DOES 3, 4, 5, 6, 11 AND 12
(42 U.S.C. § 1983: False Arrest/Imprisonment)

61. Plaintiffs individually repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

62. The aforesaid actions by the officers, including defendants, constituted a false arrest and false imprisonment of each plaintiff in violation of the proscription against unreasonable seizures contained in the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and entitle each plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### FOURTH CAUSE OF ACTION AGAINST ROJAS, MARTINEZ, JOACHIM, SHUGRUE, MOTTO AND JOHN DOES 3, 4, 5, 6, 11 AND 12
(42 U.S. C. § 1983: Failure to Intervene)

63. Plaintiffs individually repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

64. The failure of defendants Deputy Inspector Shugrue, Lieutenant Motto, Officer Martinez, Officer Joachim, John Does #'s 3, 4, 5, 6, John Doe #11, aka, "Detective Acosta", and John Doe #12, aka, "Sergeant Beade", and Detective Rojas to intervene to prevent and/or stop the improper and unconstitutional conduct of their fellow officers entitles plaintiff to recover monetary damages from these defendants under 42 U.S.C. § 1983.

### FIFTH CAUSE OF ACTION AGAINST ROJAS, MARTINEZ, JOACHIM, SHUGRUE, MOTTO AND JOHN DOES 3, 4, 5, 6, 11 AND 12
("Monell" Claim)

65. Plaintiffs individually repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

66. The aforesaid incident and resulting damage to Plaintiffs was due to a deliberate indifference by the City to a pattern of unconstitutional conduct by the involved NYPD

officers, including defendants Detective Rojas, Deputy Inspector Shugrue, Lieutenant Motto, Officer Martinez, Officer Joachim, John Does #'s 3, 4, 5, 6, John Doe #11, aka, "Detective Acosta", and John Doe #12, aka, "Sergeant Beade", and entitle each plaintiff to recover damages under 42 U.S.C. § 1983.

### SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Battery Under NY State Law)

67. Plaintiffs individually repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

68. The aforesaid actions by the officers, including defendants, constituted a battery of each Plaintiff, for which the officers are liable under New York State law and for which the City is vicariously liable under the doctrine of respondeat superior.

### SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(False Arrest/Imprisonment Under NY State Law)

69. Plaintiffs individually repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

70. The aforesaid actions by the officers, including defendants, constituted a false arrest and false imprisonment of each plaintiff, for which the officers are liable under New York State law and for which the City is vicariously liable under the doctrine of respondeat superior.

### EIGHTH CAUSE OF ACTION AGAINST THE CIY OF NEW YORK
(Negligent Hiring, Training and Retention Under NY State Law)

71. Plaintiffs individually repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

72. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian

Complaint Review Board, and from the NYPD's own observations, that the individual defendants are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

73. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officer defendants and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

74. The aforesaid incident and resulting damage to Plaintiffs was due to the negligence of the City, its agents, servants and/or employees, in the hiring, training and retention of the involved NYPD officers, including defendants Detective Rojas, Deputy Inspector Shugrue, Lieutenant Motto, Officer Martinez, Officer Joachim, John Does #'s 3, 4, 5, 6, John Doe #11, aka, "Detective Acosta", and John Doe #12, aka, "Sergeant Beade".

WHEREFORE, Plaintiffs demand a jury trial and the following relief on behalf of each individual plaintiff jointly and severally against the defendants:

a. Compensatory damages against defendants, and each of them, on all of the aforementioned causes of action in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees pursuant to 42 U.S.C. § 1988;

d. Costs and disbursements of this action and interest

e. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

Dated: New York, New York
June 12, 2020

LAW OFFICES OF MICHAEL V. CIBELLA, LLC
*Attorneys for Plaintiffs*
546 Fifth Avenue, 6th Floor

New York, New York 10036
(212) 818-1880

By: *Michael V. Cibella*
      _____
      Michael V. Cibella, Esq. (MC-8658)